IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FREDERICK LAMONT HAZEL,
Petitioner,

v. Civil No. 3:21cv706 (DJN)

HAROLD W. CLARKE,[1]
Respondent.

**MEMORANDUM OPINION**

Frederick Lamont Hazel, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[2] challenging his convictions in the Circuit Court for the County of Arlington, Virginia ("Circuit Court"). In his § 2254 Petition, Petitioner argues that the following grounds entitle him to relief:

Claim One: Hazel "was denied his right to due process of law, and consequently, a fair trial, as guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution, and as set forth by the United States Supreme Court in *Brady v. Maryland*, 373 U.S, 83 (1963), when the Commonwealth failed to disclose the actual basis for the vehicle stop which led to petitioner's arrest was not a traffic infraction, but was rather, an undisclosed tip from the Commonwealth's paid confidential informant." (ECF No. 1–1, at 2.)

Claim Two: Hazel "was denied his right to effective assistance of counsel . . . when trial counsel: (a) failed to investigate, discover, and/or advocate that the basis for the vehicle stop which led to [Hazel's] arrest was not a traffic infraction, but was, rather, an undisclosed

---

[1] Counsel for Respondent asks the Court to amend the docket to reflect that the proper Respondent is no longer I.T. Gilmore, but instead, is Harold W. Clarke, the Director of the Virginia Department of Corrections. (Resp. Br. In Supp. Mot. to Dismiss ("Resp.'s Mem.") (ECF No. 5), at 1 n.1.) The Clerk is DIRECTED to update the docket to reflect that substitution.

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spacing, capitalization, punctuation, and spelling in the quotations from the parties' submissions.

> tip from the Commonwealth's paid confidential informant; and (b) provided erroneous advice about the availability of a conditional plea remedy and/or failed to preserve the appellate rights of [Hazel]." (*Id.* at 5.)

Respondent moves to dismiss, *inter alia*, on the grounds that Petitioner's claims are either procedurally defaulted and barred from review here, or that they lack merit. (Resp.'s Mem. at 5, 11.)[3] Petitioner has responded. (ECF No. 11.) However, Respondent fails to adequately address

---

[3] Respondent also argues that Petitioner's § 2254 Petition should be dismissed because the federal statute of limitations bars Petitioner's claims. (Resp.'s Mem. at 4–5.) Section 101 of the Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Additionally, 28 U.S.C. § 2244(d)(2) provides that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, the Supreme Court has instructed that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

It appears that Petitioner's § 2254 Petition would be timely with the appropriate statutory tolling applied. However, Respondent contends that, "[a]lthough petitioner filed a petition for rehearing in the Virginia Supreme Court after it dismissed his petition for appeal, the rehearing was denied, thus, it is not considered for tolling purposes" and cites a case from the United States District Court for the Western District of Virginia purportedly for that proposition. (*See* Resp.'s Mem. at 5 n.3 (citing *Harris v. Johnson*, No. 7:04–cv–00694, 2005 U.S. Dist. LEXIS 44252 (W.D. Va. June 24, 2005).) This case is not published and does not appear to be available on WESTLAW, the database used by the Court, nor has Respondent provided the Court with a copy of this case. However, the Court found the cited opinion on the Western District of Virginia's docket. Nevertheless, this case hardly supports Respondent's argument, an argument that also appears to be incorrect. "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." *Carey v. Saffold*, 536 U.S. 214, 219–220 (2002). Respondent fails to identify any persuasive support for its argument that the denial of a petition for rehearing under Virginia law is not part of "the ordinary state collateral review process." *Id.*; *see Smith v. Clarke*, 2020 WL 5406435, at *2 (W.D. Va. Sept. 9, 2020) ("The final disposition of Smith's direct appeal in *state* court was June 30, 2016, when the Supreme Court of Virginia denied his Petition for Rehearing.")

The Court also notes that although Petitioner did not appeal, he filed several post-judgment motions in the Circuit Court that Respondent wholly failed to address. *See Wall*, 562 U.S. at 553. Because Respondent fails to adequately support its argument and fails to address all

whether cause and prejudice exist to excuse Petitioner's default of Claims One and Two (a). Therefore, the Motion to Dismiss (ECF No. 5) will be GRANTED with respect to Claim Two (b) and DENIED WITHOUT PREJUDICE with respect to Claims One and Two (a).

## I. PROCEDURAL HISTORY

On January 31, 2018, the day that his jury trial was scheduled, Petitioner pled guilty to one count of possession with intent to distribute cocaine, a Schedule II controlled substance, third offense. (*See* ECF No. 5–1, at 1; Jan. 31, 2018 Tr. 8.) On April 27, 2018, the Circuit Court entered an order sentencing Petitioner to fifteen years of incarceration. (ECF No. 5–1, at 1–3.) Petitioner filed no appeal.

On May 24, 2019, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Hazel v. Clarke*, No. CL19–1657 (Va. Cir. Ct. filed May 24, 2019). In his state habeas petition, Petitioner raised the following claims for relief:

> [I] Hazel was denied due process by the state's failure to disclose a witness, Carter, was a paid police informant and failure to disclose surveillance recordings from the disputed traffic stop ("the *Brady* Claim").
>
> [II] Hazel was denied effective assistance of counsel by the failure of trial counsel to investigate defense and evidence, failure to subpoena a witness, Janell, and failure to preserve an appeal by misadvising Hazel to enter an unconditional guilty plea ("the IAC Claim").
>
> [III] Hazel was denied due process by the trial court accepting his unconditional guilty plea which was not knowing or voluntary because the ruling on the suppression issue was disputed and Hazel wished to preserve his ability to appeal by entering a conditional guilty plea ("the Due Process Claim").

*Id.* at 3–4. On June 18, 2020, the Circuit Court dismissed the petition, concluding that Claims I and III were barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974),

---

of Petitioner's filings and their impact on the statute of limitations, the Court declines to find that the statute of limitations bars Petitioner's § 2254 Petition.

because Petitioner could have raised, but failed to raise, these claims on direct appeal, and were also barred by his validly entered plea, and that all of Petitioner's claims lacked merit. (ECF No. 5–2, at 5–28.)

Petitioner appealed to the Supreme Court of Virginia. In his petition for appeal, Petitioner raised the following assignments of error:

> 1. Petitioner was denied due process by the Commonwealth's failure to properly disclose, as it was obligated to do under *Brady v. Maryland*, 373 U.S. 83 (1963), an eyewitness was its paid confidential informant and the tipster who caused his vehicle to be pretextually stopped. . . .
>
> 2. Petitioner was denied effective assistance of trial counsel by his attorney's failure to preserve a suppression issue for review on direct appeal, erroneous advice about the availability of a conditional plea, failure to advocate, and failure to discover and investigate defense evidence. . . .
>
> 3. Petitioner was denied due process by the sentencing court's acceptance of an unconditional guilty plea which it knew or should have known was not knowing or intelligent because a "tenuous" pretrial ruling was disputed and a major reason for the plea. . . .

On Petition for Appeal from the Circuit Court of Arlington County at iv.–v., *Hazel v. Gilmore*, No. 201137 (Va. filed Sept. 16, 2020). On June 1, 2021, the Supreme Court of Virginia refused the petition for appeal. (ECF No. 5–3, at 1.) On October 8, 2021, the Supreme Court of Virginia denied Petitioner's petition for rehearing. (ECF No. 1–3, at 3.) Thereafter, on November 10, 2021, Petitioner filed his § 2254 Petition in this Court.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[4] The state bears the burden of pleading and proving that a petitioner has procedurally defaulted a claim. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989) ("Under *Sykes* and its progeny, an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto.'").

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a

---

4 Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2021).

**B. Respondent's Arguments for Exhaustion**

Respondent argues that Claims One and Two (a) "are substantively different than the similar claims raised before the state trial court and are thus unexhausted." (ECF No. 5, at 5.) With respect to Claim One, Respondent contends that:

> during petitioner's state court habeas, he alleged that "[t]he Commonwealth committed a *Brady* violation by failing to disclose that a witness was a paid police informant, as well as by failing to turn over the police recordings from the case." (Exhibit 2, 4). In the current proceeding, he argues that the Commonwealth violated *Brady* by failing to disclose that the basis for the traffic stop which led to his arrest was an informant's tip, not a traffic infraction. Although both claims involve *Brady* and a confidential informant, the information was distinct; in the state habeas, the nondisclosed information was the existence of a paid informant and video recordings, whereas in the current case, it was the basis for the traffic stop.

(*Id.* at 6–7.) Respondent also argues that because Petitioner adds "new factual claims" to support his allegations that the individual was a paid informant, the exhaustion requirement is not satisfied. (*Id.* at 7.) Finally,

With respect to Claim Two (a), Respondent again argues that:

> petitioner alleges that counsel provided ineffective assistance because counsel failed to investigate, discover, and advocate that the basis for the traffic stop which led to petitioner's arrest was a tip from a confidential informant, rather than a traffic infraction. Again, this claim is substantively different than the similar claim raised in state court. In state court, petitioner claimed that counsel was ineffective for failing to investigate and discover that the alleged witness was an informant. (Exhibit 2, 4). In the current petition, the claim focuses on counsel failing to investigate and discover that the justification for the traffic stop was an informant's tip and not a traffic infraction as the police officers claimed at the suppression hearing. Accordingly, as the substance of the current claims is different than that raised in state court, the current claim is unexhausted.

(*Id.* at 10 (second citation omitted).)[5] Respondent then argues that, if Petitioner attempted to raise Claim One and Claim Two (a) in a state habeas petition, the petition would be barred as successive pursuant to Va. Code Ann. § 8.01–654(B)(2), and the claim would be barred pursuant to the rule in *Slayton*, because Petitioner could have raised, but failed to raise, this claim on direct appeal. Therefore, Respondent contends, both claims are defaulted, and barred from review here. From the Court's review of the state court record, it is not entirely clear whether Claim One is the same or similar claim that Petitioner raised before the Supreme Court of Virginia.[6] However, Claim Two (a) clearly appears to be an expanded or different claim.

Both Va. Code Ann. § 8.01–654(B)(2) and *Slayton* constitute adequate and independent state procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing Va. Code Ann. § 8.01-654(B)(2) for the proposition that "claims not raised in an initial state habeas petition cannot generally be raised in subsequent state habeas petitions"); *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997) ("We have held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision."). Thus, Claim One and Claim Two (a) are defaulted unless Petitioner demonstrates cause and prejudice to excuse his default or a fundamental miscarriage of justice.

---

[5] In response, Petitioner, in essence, argues that he raised his claims in state court and that "[a]ny variations noted by Respondent here in alleged facts about the status and role of Carter in the three-plus years of litigating these claims have focused and sharpened the courts' on the substance of the claims — not raised entirely new theories drawn from an unrelated pool of facts." (ECF No. 11, at 12.)

[6] In his petition for appeal, Petitioner added that his car was "pretextually stopped." On Petition for Appeal from the Circuit Court of Arlington County at iv., *Hazel v. Gilmore*, No. 201137 (Va. filed Sept. 16, 2020). However, the Supreme Court of Virginia held that "there is no reversible error in the [Circuit Court's] judgment." (ECF No. 5–3, at 1.) Thus, it does not appear that the Supreme Court of Virginia reviewed any expanded claim. Accordingly, out of an abundance of caution, the Court will direct Respondent to address the merits of this claim.

Respondent correctly asserts that Petitioner fails to present any arguments to excuse his default. However, Respondent wholly fails to address the impacts of *Martinez v. Ryan*, 566 U.S. 1 (2012), on these two claims because Petitioner had no counsel at his "initial-review collateral proceeding." *Martinez*, 566 U.S. at 16.[7] Clearly, in Claim Two (a) Petitioner faults counsel for failing to raise Claim One. Thus, the Court declines to find Claims One and Two (a) exhausted and defaulted and barred from review here. Accordingly, the Motion to Dismiss will be denied without prejudice with respect to Claims One and Two (a). Respondent will be directed to address both *Martinez*'s impacts on these claims and their merits.[8]

## III. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008)

---

7 In the alternative to the conclusion that Claim One and Two (a) are defaulted, Respondent simply states that, even if the Court found that Petitioner had raised these claims in state court, the state court rejected these claims and there is no error under § 2254(d). (Resp.'s Mem. at 13, 18, 19–21.) In this conclusion, Respondent avoids any discussion of the new claims Respondent asserts Petitioner raises in his § 2254 Petition. If the claims in Petitioner's § 2254 Petition are new as Respondent has argued, the state court's determination on different claims would arguably not be entitled to deference under § 2254(d).

8 Much of Petitioner's response is dedicated to how Respondent's Motion to Dismiss is insufficient because he failed to attach certain records and failed to address whether Carter was a paid informant and instead relied on procedural defenses. With respect to state court records, the Court received the records necessary to resolve the case. Moreover, contrary to Petitioner's suggestion, a respondent need only "address the allegations in the petition." *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 5. Although the Court ultimately finds it appropriate here, there is no requirement that a respondent must address the merits of the underlying claim if a procedural bar exists.

(citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Applicable Law

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

assistance of counsel claims, the Court does not need to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An assertion by Petitioner that he would not have pled guilty if he had received better assistance from counsel does not dispose of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995)(considering "[a]ll facts and circumstances surrounding petitioner's plea," because his assertion that he would have pled not guilty "is not necessarily conclusive."). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citations omitted).

**B. Claim Two (b)**

In Claim Two (b), Petitioner contends that he "was denied his right to effective assistance of counsel . . . when trial counsel . . . provided erroneous advice about the availability of a

conditional plea remedy and/or failed to preserve the appellate rights of [Petitioner]." (ECF No. 1–1, at 5.) The only other supporting facts Petitioner offers for this claim is that after counsel's suppression motion failed, counsel told Petitioner that "there was no way to preserve the suppression issue for appellate review." (*Id.* at 7.)

In rejecting this claim, the Circuit Court aptly found:

> [P]etitioner alleges that he was denied the effective assistance of counsel. This claim fails on the merits. To prevail on a claim of ineffective assistance, a habeas petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, the burden is on the petitioner to prove both deficient performance by his counsel and prejudice. *Id.* at 687. "Unless [petitioner] establishes both prongs of the two-part test, his claims of ineffective assistance of counsel will fail." *Jerman v. Director of the Dept. of Corrections*, 267 Va. 432, 438, 593 S.E.2d 255, 258 (2004); *see also Harrington v. Richter*, 562 U.S. 86, 110–12 (2011). A petitioner who alleges that "the negligence and incompetence of the attorney who conducted his defense amounted to a denial of his right to the assistance of counsel guaranteed under the State and Federal Constitutions has the burden of proving the charge made." *Anderson v. Peyton*, 209 Va. 798, 804, 167 S.E.2d 111, 115 (1969).
>
> The first prong of the *Strickland* test, the "performance" inquiry, requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The question [under *Strickland*] is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Richter*, 562 U.S. at 105. The deferential review that is due counsel's performance requires a reviewing court "to affirmatively entertain the range of possible 'reasons [ ] counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011). This deferential standard "must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." *Richter*, 562 U.S. at 105. There is no presumption of deficient performance; rather, in evaluating claims of ineffective assistance, the reviewing court "must indulge a strong presumption" that counsel rendered effective assistance. *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 689). Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation omitted).
>
> Where a petitioner has pleaded guilty, the second prong of the *Strickland* test is slightly modified. Petitioner must plead and prove that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty and would have instead insisted on going to trial. *Hill v. Lockkart*, 474 U.S. 52, 58–59 (1984); *Fields v. Taylor*, 956 F.2d 1290, 1297 (4th Cir. 1992). Strict adherence to the *Strickland* standard is "all the more essential when reviewing the choices an

attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011). "The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place." *Id.*

This Court finds that petitioner's ineffective assistance claim fails for several reasons. At the outset, a criminal defendant is bound by his statements at trial concerning the adequacy of his counsel. *See Anderson v. Warden*, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981). *See also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001). The purpose of a colloquy on the record by a trial court regarding a defendant's guilty plea "is to forestall 'the spin-off of collateral proceedings' [such as this] that delay the finality of convictions in criminal cases." *Anderson*, 222 Va. at 515, 281 S.E.2d at 888 (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "[A] convict may question by habeas corpus the adequacy of counsel and the voluntariness of a guilty plea only when he alleges and proves a valid reason why he should be permitted to disavow his prior, contrary declarations made at the trial." *Id.*[ ] at 516, 281 S.E.2d at 888.

At petitioner's plea hearing, he affirmed on the record that he understood the nature of the charge against him, and had had enough time to discuss it with his attorney. He affirmed that he had signed the document entitled "Plea Memorandum," read the whole document, went over it with his attorney, had all his questions answered by counsel, and understood everything written therein. The plea memorandum states that petitioner is "entirely satisfied with the services of the attorney who has represented me in this case." Petitioner's signature is on the last page of the document. He further affirmed on the record that he was satisfied with the services of his attorney, and that he has understood all of the court's questions and did not have any further questions for the court or for counsel.

Thus, petitioner's representations of satisfaction with his counsel to the court during his guilty plea belie his current claim, and petitioner provides no valid reason why he should be permitted to disavow his prior contrary statements under oath during the plea colloquy. *Anderson*, 222 Va. at 516, 281 S.E.2d at 888.

Accordingly, this Court finds that his claim necessarily fails to satisfy either prong of *Strickland*. Moreover, in regards to the deficient performance prong of *Strickland*, Petitioner has not established that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

. . . .

Lastly, petitioner alleges that counsel was ineffective for misadvising petitioner about how to preserve the suppression issue by entering a conditional guilty plea. As stated earlier, just by making the suppression motion, counsel preserved the issue for appeal. Additionally, petitioner has no right to enter into a conditional guilty plea, as they require the consent of the Commonwealth. One was not offered in this case, thus counsel "did not advise [petitioner] regarding a conditional plea." Counsel also informed petitioner that "his only means of preserving his right to appeal the issue of the suppression motion was by having a trial and losing and appealing at that time." Accordingly, counsel was not ineffective for not advising petitioner of an opportunity that was not available to

> him, and in fact did correctly advise him how he could preserve his right to appeal. Nor has petitioner demonstrated prejudice, as since no conditional guilty plea was ever offered, it was never an option and therefore necessarily no prejudice ensued by counsel not advising petitioner to enter one.

(ECF No. 5–2, 16–19, 23 (first and seventh alteration and omission added).) Upon review of the Circuit Court's decision and the record in this case, the Court discerns no unreasonable application of the law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2) (listing grounds for obtaining habeas relief).

As an initial matter, as the Circuit Court aptly noted, during the plea colloquy, when asked if he was satisfied with his counsel's services, Petitioner responded in the affirmative. (Jan. 31, 2018 Tr. 20.) Therefore, Petitioner's present assertions regarding his dissatisfaction with the counsel are undercut by Petitioner's sworn statements during the guilty plea proceedings. Moreover, as the Circuit Court explained, counsel cannot be faulted for failing to advise Petitioner about a conditional plea that preserved his right to appeal the denial of his suppression motion, because such a conditional plea was not offered by the Commonwealth.[9] As Petitioner's § 2254 Petition is wholly devoid of any facts that would show that a conditional plea was available or even an option, he fails to demonstrate any deficiency of counsel.

Additionally, Petitioner fails to demonstrate any prejudice under *Strickland.* To establish prejudice, Petitioner must show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Petitioner fails to make this showing, and that is entirely fatal to his claim. Because Petitioner fails to show that "constitutionally ineffective performance affected the outcome of the plea process," he

[9] Counsel averred that he "did not advise Mr. Hazel regarding a 'conditional plea' as, pursuant to discussions with the Chief Commonwealth Attorney, Theo Stamos, 'we've never done those in the 30 years I've been practicing.'" Motion to Dismiss, Exhibit 7 ¶ 20, *Hazel*, CL19–1657 (Va. Cir. Ct. filed Jan. 10, 2020).

demonstrates no prejudice. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citing *Hill*, 474 U.S. at 59.) Moreover, Petitioner cannot demonstrate that a reasonable defendant in his position would have insisted on going to trial, but for any alleged error of counsel. Petitioner entered his guilty plea on the day that his jury trial was scheduled. (*See* Jan. 31, 2018 Tr. 8.) Therefore, Petitioner knew the evidence against him, and even heard the Commonwealth's summary of the evidence, and at that point, made an informed and calculated decision to forgo a trial where the likelihood of conviction constituted a near certainty, and instead plead guilty. (*See* Jan. 31, 2018 Tr. 8.) With respect to sentencing exposure, the statutory mandatory minimum for Petitioner's offense was ten years with a maximum sentence of life. (Jan. 31, 2018 Tr. 18.) Petitioner had an extensive criminal history and this offense marked his "seventh felony sentencing event." Presentence Investigation Report at 9, *Hazel*, CR17–1185 (Va. Cir. Ct. filed Apr. 4, 2018). If Petitioner had proceeded to trial, a jury would have heard about his prior record and Petitioner clearly risked receiving a greater sentence than fifteen years. Therefore, Petitioner fails to demonstrate that, but for any alleged error of counsel, he would have insisted on going to trial.

In sum, Petitioner demonstrates no deficiency of counsel or resulting prejudice with respect to a conditional plea. Accordingly, Claim Two (b) lacks merit and will be DISMISSED.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 3) will be GRANTED with respect to Claim Two (b) and DENIED WITHOUT PREJUDICE with respect to Claim One and Claim Two (a). Claim Two (b) will be DISMISSED. Respondent will be DIRECTED, within thirty (30) days of the date of entry hereof, to file a further response that

may raise any procedural defenses but must also address *Martinez* and the merits of Claim One and Claim Two (a).

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 8, 2022